IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

RAPHAEL DAMELL DAVIS                                                                        PLAINTIFF

v.                              Civil No. 1:12-cv-01017

MICHAEL VORHEASE;
BRYAN SLAUGHTER; NURSE
SUSIE TANKSLEY; and DAVID JOHNSON                                                DEFENDANTS

**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

On February 14, 2012, Plaintiff Raphael Davis filed this case *pro se* and *in forma pauperis* pursuant to 42 U.S.C. § 1983 in the Eastern District of Arkansas.  ECF No. 2.  The Eastern District properly transferred the case to this Court on March 2, 2012.  ECF No. 3.  Now before the Court is Defendants' Second Motion to Dismiss (ECF No. 24).[1]  Plaintiff has not responded.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, United States District Judge, referred this case to the undersigned for the purpose of making a report and recommendation.  After careful consideration, the undersigned makes the following Report and Recommendation.

**I.     BACKGROUND**

At the time he filed his Complaint, Plaintiff was an inmate of the Ashley County Detention Center ("ACDC") in Hamburg, Arkansas.  It appears Plaintiff is no longer incarcerated.

---

[1] Defendants filed a First Motion to Dismiss (ECF No. 18) on January 10, 2013.  In response to this First Motion the Court located a new address for Plaintiff and Defendants attempted re-service at the new address.  When the re-service was also returned undeliverable Defendants filed the instant Second Motion to Dismiss (ECF No. 24).  Therefore, mooting the First Motion to Dismiss (ECF No. 18).

1

In Plaintiff's Complaint, he alleges Defendants Vorhease and Slaughter used excessive force when arresting him on January 19, 2002. ECF No. 2, p. 4. Specifically, Plaintiff alleges Vorhease hit him in the head with a flashlight and choked him, and Slaughter tazed him after he was hand cuffed and in back seat of the police cruiser. ECF No. 2, p. 4. Plaintiff further claims he has been denied medical care by Vorhease, Slaughter, Johnson, and Tanksley. ECF No. 13, p. 3.

The Court first received mail returned as undeliverable in this case on May 25, 2012. This return indicated Plaintiff was no longer incarcerated in the ACDC. Plaintiff failed to inform the Court of his change of address. The Court, upon its own research, located the home address Plaintiff provided the ACDC at booking—204 Etheridge Drive, Crossett, Arkansas 71635. ECF No. 7. The Court changed Plaintiff's address of record to the Crosset address and then sent the change of address order to Plaintiff at that address. Plaintiff was advised in this Order that failure to inform the Court of his current address may result in dismissal of this case. ECF No. 7. This Order was not returned as undeliverable.

On October 17, 2012, Plaintiff notified the Court of an address change and that he was currently incarcerated in the Arkansas Department of Corrections Delta Regional Unit ("ADC") in Dermott, Arkansas. The Court changed Plaintiff's address of record to reflect his new ADC address. ECF No. 10.

On January 10, 2013, Defendants filed their First Motion to Dismiss Pursuant to Local Rule 5.5(c)(2). ECF No. 18. In this Motion, Defendants stated they were unable to effect service of the Answer, Interrogatories, and Requests for Production on Plaintiff at his address of record—ADC address. Defendants attempted to serve Plaintiff at the ADC address but the mail

2

was returned undeliverable and marked "Paroled Out." ECF No. 19.

In response to Defendants' First Motion to Dismiss, the Court, upon its own research, changed Plaintiff's address of record back to the home address he provided ACDC when he was booked—204 Etheridge Drive, Crossett, Arkansas 71635.[2] ECF No. 22. The Court sent Plaintiff the Change of Address Order to the Crossett address, and advised him that failure to keep the Court informed of his current mailing address could result in dismissal of this case. ECF No. 22. The Court also mailed Defendant's First Motion to Dismiss to the Crossett address. The Order and the Motion was returned as undeliverable on January 24, 2013.

Defendants then filed a Second Motion to Dismiss Pursuant to Local Rule 5.5(c)(2). ECF No. 25. Defendants assert they attempted to serve Plaintiff at the Crossett address provided by the Court but the mail was returned with the marking "Moved." Defendants argue Plaintiff is not in compliance with Local Rule 5.5(c)(2), and also note Plaintiff has not communicated with the Court since November 13, 2012. ECF no. 25.

## II.  APPLICABLE LAW

While *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). Local Rule 5.5(c)(2) states in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

---

[2] Note this is the same address the Court used in May 2012 and no mail was returned undeliverable from that address during that time.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure also specifically contemplate dismissal of a case with prejudice on the grounds the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.,* 370 U.S. 626, 630–31 (1962) (the district court posses the power to dismiss *sua sponte* under Rule 41(b)).  Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order," and such a dismissal may be with prejudice if there has been "'a clear record of delay or contumacious conduct by the plaintiff.'" *Brown v. Frey,* 806 F.2d 801, 803–04 (8th Cir. 1986) (quoting *Haley v. Kansas City Star,* 761 F.2d 489, 491 (8th Cir. 1985)) (emphasis added).  Dismissal with prejudice is an extreme sanction, and only to be used in cases of "willful disobedience of a court order" or "where a litigant exhibits a pattern of intentional dely." *Hunt v. City of Minneapolis,* 203 F.3d 524, 527 (8th Cir. 2000).  The Court does not, however, need to find that Plaintiff acted in bad faith, but "only that he acted intentionally as opposed to accidentally or involuntarily." *Id.* (quoting *Rodgers v. Univ. of Missouri,* 135 F.3d 1216, 1219 (8th Cir. 1998)).

### III. DISCUSSION

Plaintiff has failed to comply with two Court orders to keep the Court informed of his current address. ECF Nos. 7 & 10. Despite this failure the Court, has given Plaintiff opportunities to prosecute this action by twice investigating the Plaintiff's change of address. *See* ECF No. 7 and ECF No. 22.  These efforts have been to no avail.  Further, Plaintiff has failed to comply with Local Rule 5.5(c)(2) by keeping the Court and opposing parties informed of his current address.

Plaintiff has also failed prosecute this case,[3] and has not communicated with the Court in over six months.[4] While Federal Rule of Civil Procedure 41(b) does contemplate dismissal with prejudice, the Court is reluctant to recommend such an extreme sanction in this case. *See Hunt,* 203 F.3d at 527.

Accordingly, Plaintiff's Complaint should be dismissed without prejudice for failure to comply with the Court's Local Rules and Orders and failure to prosecute this action. *See* Local Rule 5.5(c)(2); Fed. R. Civ. P. 41(b).

### IV.    CONCLUSION

For the foregoing reasons, I recommend Defendants' Second Motion to Dismiss (ECF No. 24) be **GRANTED** and the above styled case be **DISMISSED** without prejudice on the grounds that Plaintiff has failed to comply with the Local Rules and the Court's Orders and failed to prosecute this action.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED** this **6th day of May 2013.**

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE

---

[3] Plaintiff failed to respond to Defendants' First or Second Motions to Dismiss (ECF Nos. 18 and 24)

[4] The last communication received from the Plaintiff was his Addendum filed on November 13, 2012.  ECF No. 13.